A07A1718. MOORE et al. v. CYPHERS et al.

(658 SE2d 266)

BARNES, Chief Judge.

Jerry Moore and MTG, Inc. appeal the trial court's grant of summary judgment to the defendants in this case alleging libel and tortious interference with contract and business relationships. Moore was the owner/operator of MTG, Inc., a company that provides transportation to numerous groups, including mentally challenged groups. MTG entered into subcontracts with various transportation contractors hired by the Department of Human Resources (DHR) to provide transportation services to clients of the Gwinnett County Association for Retarded Citizens, Inc., known as Hi-Hope Center. These clients are special needs adults who perform contract work and attend various programs arranged by the center.

Mary Cyphers was Hi-Hope's receptionist and "transportation coordinator." Her job was to relay information about complaints to the transportation contractor and to DHR's regional transportation advisor who solicited Cyphers' input on transportation providers. She did not investigate the complaints personally or speak to the drivers. In September 2003, another Hi-Hope employee e-mailed the then-current transportation contractor, GRN, with whom Moore had a subcontract, and relayed a complaint from a client that a driver had left clients unsupervised on a bus while he went into a store. Cyphers was copied on the e-mail and the response from GRN, which identified the driver as Moore.

In October 2003, Senior Connections, Inc. obtained the transportation contract for Hi-Hope Center from DHR, and MTG through Moore subcontracted with Senior Connections to transport clients. Cyphers received calls several days in a row from a client's sister who was concerned about how Moore was treating her sister, contending that Moore had yelled at the sister to sit down while she was getting on the bus, had been speeding, and had made fun of the sister's psoriasis in front of other passengers. A staff member confirmed that she saw clients still standing in the bus when Moore drove off, and another staff member reported that some of the seat belts in Moore's bus were inoperable. The client whose sister had called also reported to Cyphers several days in a row that she was very upset over Moore's comments about her skin condition. Finally, a staff member came to Cyphers and reported being upset at the manner in which Moore had asked if the client's psoriasis was contagious.

On October 6, 2003, the client's sister called Cyphers again and reported that the client had come home with a bleeding elbow, which she injured when the bus "hit something." The next day, Cyphers sent an e-mail to David Williamson, DHR's regional transportation advisor, and copied another DHR employee and two employees of Senior

Connections, referring to an attachment describing a situation about which she needed an incident report. The attachment read:

10/7/03

Incident on [the client's] bus yesterday afternoon. Driver: Jerry Moore.

Yesterday, the driver hit something with enough force to send [the client] bouncing. Her sister called to let me know her elbow was cut when this happened and it was bleeding when she got home. I will need an incident report for our records.

We had several complaints from family and clients that were addressed with GRN regarding this driver when he contracted with GRN. He has been reported speeding, not allowing the passengers time to get to their seats and buckle up before taking off, making inappropriate, insensitive comments about "being afraid of catching a passenger's psoriasis" (psoriasis is not transmitted by touch), yelling at the passengers, having seat belts that are not in working order or are not accessible (stuck in the seat, I was made aware of this yesterday and am investigating) and stopping at a store leaving everyone on the bus while he went inside. Some of these issues are still happening. We heard he would not be transporting after 10/1 only to find he is with them now.

If you have any questions, please contact me at [this e-mail address] or [telephone number].

Senior Connections subsequently terminated its contract with MTG, and Moore sued Hi-Hope for libel and sued Cyphers and Hi-Hope for tortious interference with a contract and business relationship.

After considering the arguments and evidence of record, including the depositions of Moore and Cyphers, all of the documentation regarding the e-mail, the contract specifying Hi-Hope's responsibilities to DHR regarding transportation issues, and numerous affidavits, the trial court granted summary judgment to Cyphers and Hi-Hope. In a detailed, well-reasoned order, the trial court found that Cyphers' e-mail to DHR was privileged. The center had a contractual obligation to review and report to DHR incidents affecting clients, and "a contractual obligation to its clients to provide an environment free from physical, emotional and verbal abuse. In addition to this

legal duty, the defendants had an ethical and moral duty to report potential misconduct affecting the mentally disabled persons under their care."

The trial court continued:

With regard to the tortious interference claims specifically, the Court finds that the defendants are no strangers to the contract between Senior Connections, Inc. and MTG by virtue of the fact that the defendants had a legitimate interest in the contract itself, which provided for transportation services to the defendants' clients. See *Cox v. City of Atlanta*, 266 Ga. App. 329 (596 SE2d 785) (2004). Although Senior Connections, Inc. may have also opted to terminate other contracts with MTG or discontinue its business relationship with MTG as a result of complaints which the defendants reported to the DHR, there is no evidence that the defendants acted with malice or acted without privilege when the defendants notified the DHR of the complaints against the plaintiffs.

We affirm the trial court's order granting summary judgment to the defendants.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 25, 2008.

*Dudley, Norton & Singleton, Ainsworth G. Dudley, Jr.*, for appellants.

*Carter & Ansley, Robert A. Barnaby II, Catherine H. Garner*, for appellees.